U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TOM REED, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) |
| v. | ) No. 3:17-cv-00292 |
| | ) ) |
| BREX, INC. d/b/a "CARX," JOHN KEELEY and KEVIN FLOYD, | ) ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Tom Reed, individually and on behalf of all others similarly situated, for his Complaint against Defendants alleges as follows:

### INTRODUCTION

1. Defendant Brex, Inc. ("Brex") operates a chain of CarX tire and automotive repair shops in Illinois and Missouri. Brex employs at least dozens of automotive technicians (collectively "Technicians") at any time. Plaintiff Tom Reed was employed as a Technician at Brex's CarX shop in Belleville, Illinois, which is located within the East St. Louis Division of the Southern District of Illinois. During relevant times preceding this action, Defendants permitted and suffered their Technicians to work overtime without paying them required overtime premium wages in violation of federal and Illinois law. Defendants also failed to record and pay for work performed by their Technicians by instructing Technicians to clock out prior to competing repair or maintenance tasks. As such, Brex received substantial unpaid labor from their employees. Plaintiff seeks to recover unpaid regular wages and overtime compensation under the Fair Labor Standards

Act ("FLSA), 29 U.S.C. § 201 *et seq.,* the overtime provisions of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and Illinois common law.

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's regular and overtime wage provisions. Jurisdiction over the FLSA claims of Plaintiff and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

3. The IMWL authorizes court actions by private parties to recover damages for violation of the IMWL's regular and overtime wage provisions. 820 ILCS § 105/12(a). Jurisdiction over the state law claims of plaintiff and other similarly situated employees is based on 28 U.S.C. § 1367 (pendent claims) and 820 ILCS § 105/12(a).

4. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) because Defendants conducts business in this District, they employed Plaintiff in this District, and substantial unlawful conduct giving rise to the claims occurred in this District.

## PARTIES

5. From about August 2015 to December 2016, Plaintiff Tom Reed was employed by Defendants as a Technician at their CarX shop in Fairview Heights, Illinois, which is located within the East St. Louis Division of the Southern District of Illinois. Plaintiff's consent to bring an FLSA claim against Defendants is attached as "Exhibit 1."

6. Defendant Brex, Inc. is an Illinois corporation which operates automotive repair shops in Illinois and Missouri, including a shop in Fairview Heights, Illinois, which is located within the East St. Louis Division of the Southern District of Illinois.

7. Defendant John Keeley is individually liable as an "employer" under the broad definitions provided by the FLSA and IMWL because he is the Chief Operating Officer and Vice President of Brex, he holds supervisory authority over Plaintiff and all other similarly situated employees, he maintains control over employment practices including but not limited to employee compensation, and he is at least partly responsible for the violations alleged herein. 29 U.S.C. § 203(d); 820 ILCS 105/3(c).

8. Defendant Kevin Floyd is individually liable as an "employer" under the broad definitions provided by the FLSA and IMWL because he is Director of Operations of Brex, he holds supervisory authority over Plaintiff and all others similarly situated employees, he maintains control over employment practices including but not limited to employee compensation, and he is at least partly responsible for the violations alleged herein. 29 U.S.C. § 203(d); 820 ILCS 105/3(c).

## GENERAL ALLEGATIONS

9. Defendants typically require Plaintiff and their other Technicians to work in excess of 40 hours per workweek.

10. Defendants compensate all of their Technicians based on the same pay policy, practice and formula: Defendants divide the total dollar value of sales for work performed by each Technician (excluding the sales value of such items as tires, oil changes, batteries and warranty work) by recorded weekly hours worked to calculate "hourly production." Each incremental range of "hourly production" correlates to an hourly pay rate pursuant to Defendants' standard pay chart entitled "Hourly Bonus Production Scale." A copy of that "Hourly Bonus Production Scale" is attached hereto as "Exhibit 2."

11. Defendants' pay policy and practice, and their "Hourly Bonus Production Scale," fail to account for, or provide, overtime pay premiums to the Technicians for work performed in excess of 40 hours per workweek.

12. By paying their Technicians according to this pay policy and practice and their "Hourly Bonus Production Scale," Defendants fail and refuse to pay their Technicians overtime premium pay for work performed in excess of 40 hours per workweek.

13. Defendants have failed and refused to record compensable work time by instructing Technicians, including Plaintiff, to clock out prior to completing repairs or maintenance work.

14. Defendants have adhered to the same policies and practices with respect to all of their Technicians.

15. The net effect of Defendants' policies and practices, instituted and approved by company managers, is that Defendants willfully fail to pay regular wages and overtime.

16. Defendants thus enjoy substantial ill-gained profits at the expense of their Technicians.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

17. Plaintiff brings Counts I and II as an FLSA "opt-in" collective action on behalf of similarly situated Technicians pursuant to 29 U.S.C. § 216(b).

18. The FLSA claims may be pursued by those Technicians who opt-in to the FLSA claims pursuant to 29 U.S.C. § 216(b).

19. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practices of failing to pay employees regular and overtime wages. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via U.S. mail.

20. Plaintiff and all of Defendants' Technicians are similarly situated in that:

   a.   They have all worked for Brex as Technicians;

   b.   They have all performed similar primary job duties of performing automotive repairs and maintenance;

   c.   They have all been paid according to the same policy, practice and method of dividing total sales for work performed (excluding the sale value of such items as tires, oil changes, batteries and warranty work) by recorded weekly hours worked to calculate "hourly production," then converting "hourly production" to an hourly pay rate based on Defendants' "Hourly Bonus Production Scale;"

   d.   They have not been paid overtime premiums; and

   e.   They have not been paid for all time work due to Defendants' instructions to clock out prior to completing repair or maintenance work.

21. Plaintiff brings Counts III and IV as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the class representative of the following persons:

> All current and former automotive technicians employed by Brex, Inc. in the State of Illinois since the date three years preceding the filing of this Complaint (collectively "the IMWL Class").

22. Plaintiff brings Counts V through VII as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the class representative of the following persons:

> All current and former automotive technicians employed by Brex, Inc. in the State of Illinois since the date five years preceding the filing of this Complaint (collectively "the Common Law Class").

23. All persons who may qualify to participate in the classes sought in Counts III through VII are hereby collectively referenced as "the Illinois Class."

24. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Illinois Class.

25. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

26. The Illinois Class satisfies the numerosity standard as it consists of at least 40 persons who are geographically dispersed and, therefore, joinder of all members of the Illinois Class in a single action is impracticable.

27. Questions of fact and law common to the Illinois Class predominate over any questions affecting only individual members. The questions of law and fact common to the Illinois Class arising from Defendants' actions include, without limitation:

   a. Whether they have been paid overtime premiums for overtime work performed;

   b. Whether they have been subjected to the same pay policy, practice and method of dividing total sales for work performed (excluding the sale value of such items as tires, oil changes, batteries and warranty work) by recorded weekly hours worked to calculate "hourly production," then converting "hourly production" to an hourly pay rate based on Brex's "Hourly Bonus Production Scale;"

   c. Whether that pay policy, practice and method denies them overtime premiums required under Illinois law;

   d. Whether they were instructed to clock out prior to completing repair or maintenance work;

   e. Whether contracts existed between Brex and Illinois Class members requiring payment of wages;

  f. Whether Brex breached and violated contracts with Illinois Class members by failing to pay required wages for time worked;

  g. Whether Brex is liable to Illinois Class members in *quantum meruit*; and

  h. Whether Brex has been unjustly enriched by its failure to pay Illinois Class members for time worked.

28. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

29. Plaintiff's claims are typical of those of the Illinois Class in that:

  a. They have all worked for Brex as Technicians;

  b. They have all performed the similar primary job duties, specifically automotive repairs and maintenance;

  c. They have all been paid according to the same policy, practice and method of dividing total sales for work performed (excluding the sale value of such items as tires, oil changes, batteries and warranty work) by recorded weekly hours worked to calculate "hourly production," then converting "hourly production" to an hourly pay rate based on Defendants' "Hourly Bonus Production Scale;"

  d. They have not been paid overtime premiums; and

  e. They have not been paid for time spent completing repair or maintenance work after Defendants instructed them to clock out.

30. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Illinois Class.

31. Plaintiff is an adequate representative of the Illinois Class because he is a member of the Illinois Class and his interests do not conflict with the interests of the members of the Illinois Class he seeks to represent. The interests of the members of the Illinois Class will be fairly and adequately protected by Plaintiff and his counsel, who possesses extensive experience prosecuting complex wage and hour, employment, and class action litigation.

32. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Illinois Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Illinois Class, and there are no material difficulties impairing the management of a class action.

33. It would be impracticable and undesirable for each member of the Illinois Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Illinois Class members.

### COUNT I:  Violation of Fair Labor Standards Act of 1938
### By Failure to Pay Overtime Premiums for Recorded Overtime Work

34. Plaintiff reasserts and re-alleges the allegations set forth above.

35. At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

36. The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce 29 U.S.C. § 207(a)(1).

37. Brex is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

38. During all times relevant, Defendants were the "employers" of Plaintiff and all similarly situated Technicians within the meaning of the FLSA. 29 U.S.C. § 203(d)

39. During all times relevant to this action, Plaintiff and all similarly situated Technicians were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e)

40. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations; however, none of the FLSA's exemptions apply to Plaintiff or the other similarly situated Technicians.

41. Defendants violated 29 U.S.C. § 207(a)(1) by failing to pay overtime premium wages to Plaintiff and their other Technicians for recorded overtime work.

42. Plaintiff and all similarly situated employees are victims of a uniform compensation policy. On information and belief, Defendants are applying the same unlawful compensation policy to all of their Technicians.

43. Plaintiff and all similarly situated Technicians are entitled to damages equal to the FLSA's mandated overtime premium pay for all overtime recorded by Defendants within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted

willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

44. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated Technicians are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Plaintiff and the Technicians are not entitled to recover liquidated damages, then they are entitled to an award of prejudgment interest at the applicable legal rate.

45. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b) for actual damages, together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs of this action

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated Technicians demand judgment against Defendants and pray for (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed under 29 U.S.C. 216(b); (4) pre-judgment and post-judgement interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### COUNT II:  Violation of Fair Labor Standards Act of 1938
### By Failure to Pay Wages for Unrecorded Work Time

46. Plaintiff reasserts and re-alleges the allegations set forth above.

47. At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

48. The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

49. Brex is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

50. During all times relevant to this action, Defendants were the "employers" of Plaintiff and all similarly situated workers within the meaning of the FLSA. 29 U.S.C. § 203(d).

51. During all times relevant to this action, Plaintiff and all similarly situated workers were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C §203(e).

52. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations; however, none of the FLSA's exemptions apply to Plaintiff or other similarly situated Technicians.

53. Defendants violated 29 U.S.C. § 207(a)(1) by failing to pay regular and overtime wages for unrecorded work.

54. Plaintiff and all similarly situated employees are victims of a uniform policy of failing and refusing to pay Technicians for time spent completing repair or maintenance work after being instructed to clock out.  On information and belief, Defendants are applying the same unlawful compensation policy to all of their Technicians.

55. Plaintiff and all similarly situated employees are entitled to damages equal to the FLSA's mandated overtime premium pay for all overtime unrecorded by Defendants within the three years preceding the filing of this complaint, plus periods of equitable tolling, because Defendants acted

willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA

56. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Plaintiff and the other Technicians are not entitled to recover liquidated damages, then they are entitled to an award of prejudgment interest at the applicable legal rate.

57. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b) for compensatory damages, together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs of this action

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated Technicians demand judgment against Defendants and pray for (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed under 29 U.S.C. 216(b); (4) pre-judgment and post-judgement interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### COUNT III: Violation of the Illinois Minimum Wage Law
### Failure to Pay Overtime Premiums for Recorded Overtime Work

58. Plaintiff reasserts and re-alleges the allegations set forth above.

59. At all relevant times herein, Plaintiff and the IMWL Class have been entitled to the rights, protections and benefits provided under the IMWL, 820 ILLCS § 105/1 *et seq.*

60. The IMWL regulates, among other things, the payment of regular wages and overtime by employers, subject to limited exemptions not applicable herein. 820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a

61. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the IMWL Class within the meaning of the IMWL.  820 ILCS §§ 105/3(c) & (d).

62. During all times relevant to this action Plaintiff and the IMWL Class were Defendants' "employees" within the meaning of the IMWL.  820 ILCS § 105/3(d).

63. The IMWL exempts certain categories of employees from Illinois' overtime obligations, none of which apply to Plaintiff or the IMWL Class.   820 ILCS § 105/3(d).

64. Pursuant to the IMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 820 ILCS § 105/4a(1).

65. Defendants, pursuant to their policy, practice and method, violated the IMWL by refusing and failing to pay Plaintiff and the IMWL Class overtime premium wages for recorded overtime work in violation of 820 ILCS § 105/4a(1).

66. Plaintiff and the IMWL Class are victims of a uniform and employer-based compensation policy.  On information and belief, this uniform policy, in violation of the IMWL, has been applied, and continues to be applied, to all Defendants' Technicians in Illinois.

67. Plaintiff and the IMWL Class are entitled to damages equal to all overtime wages due within the three years preceding the filing of this Complaint plus periods of equitable tolling. 820 ILCS § 105/12(a).

68. Plaintiff and the IMWL Class are entitled to damages equal to two percent (2%) of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid. 820 ILCS § 105/12(a).

69. Plaintiff and the IMWL Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

70. Defendants are liable pursuant to 820 ILCS § 105/12(a) for Plaintiff's costs and reasonable attorney's fees incurred in this action.

WHEREFORE, on Count III of this Complaint, Plaintiff and the IMWL Class demand judgment against Defendants and pray for (1) compensatory damages; (2) additional damages equal to two percent (2%) per month of the cumulative unpaid wages and overtime compensation due per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable

### COUNT IV: Violation of Illinois Minimum Wage Law By Failure to Pay Wages for Unrecorded Work Time

71. Plaintiff reasserts and re-alleges the allegations set forth above.

72. At all relevant times herein, Plaintiff and the IMWL Class have been entitled to the rights, protections and benefits provided under the IMWL, 820 ILLCS § 105/1 *et seq.*

73. The IMWL regulates, among other things, the payment of regular wages and overtime by employers, subject to limited exemptions not applicable herein. 820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a.

74. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the IMWL Class within the meaning of the IMWL. 820 ILCS §§ 105/3(c) & (d).

75. During all times relevant to this action Plaintiff and the IMWL Class were Defendants' "employees" within the meaning of the IMWL 820 ILCS § 105/3(d).

76. The IMWL exempts certain categories of employees from Illinois overtime obligations, none of which apply to Plaintiff or IMWL Class. 820 ILCS § 105/3(d).

77. Pursuant to the IMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 820 ILCS § 105/4a(1).

78. Defendants, pursuant to their policy and practice, violated the IMWL by refusing and failing to pay Plaintiff and the IMWL Class overtime premium wages for unrecorded time they spent completing repair or maintenance work in violation of 820 ILCS § 105/4a(1).

79. Plaintiff and the IMWL Class are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy, in violation of the IMWL, has been applied, and continues to be applied, to all Defendants' Technicians in Illinois.

80. Plaintiff and the IMWL Class are entitled to damages equal to all overtime wages due within the three years preceding the filing of this Complaint plus periods of equitable tolling. 820 ILCS § 105/12(a).

81. Plaintiff and the IMWL Class are entitled to damages equal to two percent (2%) of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid. 820 ILCS § 105/12(a).

82. Plaintiff and the IMWL Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

83. Defendants are liable pursuant to 820 ILCS § 105/12(a) for Plaintiff's costs and reasonable attorney's fees incurred in this action.

WHEREFORE, on Count IV of this Complaint, Plaintiff and the IMWL Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) additional damages equal to two percent (2%) per month of the cumulative unpaid wages and overtime compensation due per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a) (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT V: Breach of Contract

84. Plaintiff reasserts and re-alleges the allegations set forth above.

85. During all times relevant, Plaintiff and the Common Law Class entered into implicit contracts with Brex in which they agreed to perform employment services as part of their employment by Brex and Brex agreed to compensate members of the Common Law Class for all time worked based on specified rates of pay (hereinafter "the Contracts").

86. Brex breached and violated the Contracts by failing to pay Plaintiff and the Common Law Class for all time worked.

87. Prior to Brex's breach and violation of the Contracts, Plaintiff and the Common Law Class performed their duties under the Contracts.

88. As a direct result of Brex's violations and breaches of the Contracts, Plaintiff and the Common Law Class have been damaged.

89. Plaintiff and the Common Law Class are entitled to damages equal to all unpaid wages earned within five years preceding the filing of this Complaint plus periods of equitable tolling.

90. Plaintiff and the Common Law Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count V of this Complaint, Plaintiff and the Common Law Class demand judgment against Brex and pray for (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## COUNT VI: Quantum Meruit

91. Plaintiff reasserts and re-alleges the allegations set forth above.

92. Plaintiff and the Common Law Class rendered employment services to Brex.

93. Brex received the benefits of the employment services provided by Plaintiff and the Common Law Class.

94. Brex's retention of those services without providing compensation in exchange would be unjust.

95. Brex has thereby been unjustly enriched and/or Plaintiff and the Common Law Class have been damaged.

96. The payment requested by Plaintiff and the Common Law Class for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

97. Plaintiff and the Common Law Class are entitled to damages equal to all unpaid wages due within five years preceding the filing of this Complaint plus periods of equitable tolling.

98. Plaintiff and the Common Law Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count VI of this Complaint, Plaintiff and the Common Law Class demand judgment against Brex and pray for (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## COUNT VII:  Unjust Enrichment

99. Plaintiff reasserts and re-alleges the allegations set forth above.

100. Plaintiff and the Common Law Class provided employment services to Brex and thereby conferred benefits on Brex.

101. Brex appreciated the benefits and/or had knowledge of the benefits.

102. Brex accepted and retained the benefits in circumstances that render such retention inequitable without payment of or for the value of the benefits.

103. Brex has thereby been unjustly enriched and/or Plaintiff and the Common Law Class have been damaged.

104. Plaintiff and the Common Law Class are entitled to damages equal to all unpaid wages due within five years preceding the filing of this Complaint plus periods of equitable tolling.

105. Plaintiff and the Common Law Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count VII of this Complaint, Plaintiff and all similarly situated employees demand judgment against Brex and pray for: (1) compensatory damages; (2) pre-judgment and

post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**WEINHAUS & POTASHNICK**

Mark Potashnick, IL Bar # 6271083
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone: (314) 997-9150 ext. 2
Facsimile: (314) 997-9170
Email: markp@wp-attorneys.com

**LAW OFFICE OF JACK DAUGHERTY P.C.**

*/s/ Jack R. Daugherty*
Jack R. Daugherty (#6229106)
112 Front Street
Alton, IL 62002
Telephone: (618) 462-9160
Facsimile:  (618) 462-9167
Email:  jack@jackdaughertylaw.com

**ATTORNEYS FOR PLAINTIFFS**