IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOM REED, and | ) | |
| MICHAEL ROY, | ) | |
| Individually and on behalf of | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-0292-MJR-SCW |
| | ) | |
| BREX, INC., | ) | |
| d/b/a "CARX", | ) | |
| JOHN KEELEY, and | ) | |
| KEVIN FLOYD, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**REAGAN, Chief District Judge:**

This matter is before the Court on Defendants' Motion to Dismiss Counts V-VII and X-XII (Doc. 21) of Plaintiff's Amended Complaint (Doc. 14). The underlying dispute is a putative class action alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and Illinois and Missouri state law by failing to pay overtime wages and "gap time" wages at Illinois and Missouri "Car X" auto repair stores. There is a pending motion for class certification (Doc. 19) that this Court will address in a separate Order. The Plaintiffs have responded to the Motion to Dismiss, so it is now ripe for consideration. This Court enjoys subject matter jurisdiction in part based on federal question jurisdiction (28 U.S.C. § 1331; 29 U.S.C. § 216(b)) and in part based on

supplemental jurisdiction (28 U.S.C. § 1367) over the state law claims.  For the reasons set forth below, the Court denies the Motion to Dismiss (Doc. 21).

This Court accepts all factual allegations as true when reviewing a 12(b)(6) motion to dismiss.  *Erickson v. Pardus*, **551 U.S. 89, 94 (2007).**  To avoid dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim sufficient to show entitlement to relief and to notify the defendant of the allegations made against him.  **FED. R. CIV. P. 8(a)(2);** *Bell Atl. Corp. v. Twombly*, **550 U.S. 544, 555-57 (2007).**  To meet this standard, a complaint must describe the claims in sufficient factual detail to suggest a right to relief beyond a speculative level.  *Id.;* *Ashcroft v. Iqbal*, **556 U.S. 662, 678 (2009);** *EEOC v. Concentra Health Servs.*, **496 F.3d 773, 776 (7th Cir. 2007).**  A complaint need not contain detailed factual allegations, *Scott v. Chuhak & Tescon, P.C.*, **725 F.3d 772, 782 (7th Cir. 2013)**, but it must go beyond "mere labels and conclusions" and contain "enough to raise the right to relief above the speculative level," *G&S Holdings, LLC v. Cont'l Cas. Co.*, **697 F.3d 534, 537-38 (7th Cir. 2012).**

The Seventh Circuit has outlined the boundaries of 12(b)(6) with two major principles. First, although facts in the pleadings must be accepted as true and construed in the plaintiff's favor, allegations in the form of legal conclusions are insufficient to survive a motion to dismiss. *McReynolds v. Merrill Lynch & Co., Inc.*, **694 F.3d 873, 885 (7th Cir. 2012).**  And, second, "the plausibility standard calls for a 'context-specific'

inquiry that requires the court 'to draw on its judicial experience and common sense.'"

*Id.* Threadbare recitals of elements and conclusory statements are not sufficient to state a claim. *Id.* Put another way, to survive a motion to dismiss "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together [. . .] the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.,* **614 F.3d 400, 404 (7th Cir. 2010).**

Specifically in relation to FLSA claims accompanied by state law claims, this Court has held that FLSA claims will not preempt state law claims for similar but distinct relief. *See Nicholson v. UTi Worldwide, Inc., et al.,* **Case No. 09-cv-0722-JPG, Doc. 36 at pp. 9-10.** For example, the FLSA does not recognize a right to relief for "gap time" wages—wages that compensate employees for hours worked in excess of their normally scheduled hours, but below the forty hour mark at which time overtime wages would begin to accrue. *But see, Aux Sable Liquid Products v. Murphy,* **526 F.3d 1028, 1033-34 (7th Cir. 2008) (explaining, in essence, that preemption exists either expressly or by implication if a state provision directly conflicts with or provides less protection than a federal statute).** This Court has allowed claims premised on state common law (i.e. breach of contract or unjust enrichment claims) to proceed in tandem with FLSA claims for no overtime pay in prior suits. The Court finds that this approach is appropriate because "gap time" compensation would provide employees with *more*

benefits than those conferred by the FLSA, and the FLSA does not expressly or otherwise impliedly prevent such potential enrichment for employees.

Here, the Court sees no reason to depart from *Nicholson* in this case. Whether Plaintiffs will ultimately be able to allege and substantiate common law claims for "gap time" wages remains yet to be seen, but, at this early juncture, the Court finds it unnecessary to dismiss these claims as duplicative in light of the premise that the common law claims seek distinct relief. Accordingly, Defendants' Motion to Dismiss Counts V-VII and X-XII is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED June 30, 2017.

s/ ***Michael J. Reagan***
Michael J. Reagan
United States District Judge