IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM REED and MICHAEL ROY, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 3:17-CV-292-NJR-GCS ) |
| BREX, INC., d/b/a CARX, JOHN KEELEY, and KEVIN FLOYD, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of former Magistrate Judge Stephen C. Williams (Doc. 102).[1] Judge Williams recommended that the Court assess sanctions against Defendants Brex, Inc., John Keeley, and Kevin Floyd for violating certain Court orders related to a settlement conference held on September 28, 2018 (*Id.*).

The facts as found by Judge Williams and by a review of the record are as follows: During a status conference on August 8, 2018, Defendants indicated to the Court that a settlement conference would be beneficial (*Id.*). Defendants further represented that someone with settlement authority from Selective Insurance, their insurance provider, would be present at the settlement conference (*Id.*). Thus, a settlement conference was set for September 28, 2018 (Doc. 97). The order setting the conference stated: "it is essential

---

[1] The undersigned district judge recently was assigned to this case following the retirement of Judge Michael Reagan (Doc. 126).

that in addition to trial counsel the individual parties be present and in the case of corporate parties and insurance carriers a representative executive with unrestricted authority to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer." (*Id.*). On September 24, 2018, Defendants submitted a settlement statement confirming that Liza Thomas from Selective Insurance would attend the conference (Doc. 102).

Despite Defendants' assurances, Ms. Thomas was not present at the settlement conference, and defense counsel had no settlement authority (*Id.*). Based on Defendants' misrepresentations and the resulting waste of Plaintiffs' and the Court's time and resources, Judge Williams found that sanctions were warranted (*Id.*). Judge Williams recommended that the district judge award Plaintiffs $3,701.26, which represents Plaintiffs' attorneys' fees and travel expenses for attending the settlement conference (*Id.*).

Defendants filed a timely objection to the Report and Recommendation (Doc. 107). When timely objections are filed, the Court must undertake *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Moreover, the Seventh Circuit has held that all sanctions requests must be determined *de novo* by the district court. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir.1996) This requires the Court to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F. Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir.

2013). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In their objection, counsel for Defendants, Randall Slade, notes that Selective Insurance is defending pursuant to a reservation of rights (*Id.*). Prior to the August 8, 2018 status conference at which the settlement conference was set, Mr. Slade discussed the prospect of a settlement conference with Ms. Thomas at Selective Insurance (*Id.*). Ms. Thomas gave approval for Defendants to set a settlement conference. After the conference was set, Mr. Slade failed to address how Selective Insurance would need to appear (in person or by phone), nor did they discuss settlement authority (*Id*).

On September 24, 2018, Mr. Slade submitted a settlement statement setting forth Defendants' legal defenses (*Id.*). At that point, Mr. Slade had not spoken with Ms. Thomas since the August phone call. On September 26, 2018, two days prior to the settlement conference, Mr. Slade discussed settlement authority with Ms. Thomas, who indicated that Selective Insurance would not be contributing money toward settlement due to its insurance coverage position (*Id.*). During that phone conversation, Mr. Slade "regrettably failed to advise and ensure that Selective have a representative personally present at the Settlement Conference."[2] (*Id.*, p. 2). After learning that Selective Insurance would not be contributing money toward settlement, Mr. Slade immediately contacted outside counsel for Brex (*Id.*). Upon discussing the matter with outside counsel and Brex's corporate representatives, it was determined that a settlement conference could still be productive (*Id.*). Of course, the matter did not settle.

---

[2] It appears that Ms. Thomas did, however, participate in the conference by phone.

Ultimately, Mr. Slade acknowledges his communication failures but denies that he purposely misled the Court in the settlement statement or at the August 8, 2018 status conference based upon his understanding at those times (*Id.*). He argues that the Court has discretion to decline to apply sanctions where the conduct is inadvertent, as it was here (*Id.*).

In response, Plaintiffs argue that, even if the failure to secure Selective Insurance's attendance at the settlement conference was an inadvertent oversight, Defendants still had no settlement authority regardless of whether Ms. Thomas appeared by phone or in person—in direct contravention of the order setting the conference (Doc. 110). Plaintiffs asserts that Defendants should have notified the Court and Plaintiffs that their insurer was unwilling to negotiate, and their failure to do so resulted in a completely unproductive settlement conference (*Id.*). Accordingly, they argue, sanctions should be awarded (*Id.*).

While the Court must undertake *de novo* review here, a district judge need not ignore the credibility determinations of the magistrate judge if she believes, in the exercise of sound discretion, that they are soundly based. *United Cent. Bank v. Kanan Fashions, Inc.*, No. 10 C 331, 2011 WL 4396856, at *4 (N.D. Ill. Sept. 21, 2011) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's . . . credibility determinations.")). Here, Judge Williams found that Defendants clearly misrepresented their intentions to have an insurer with settlement authority present at the settlement conference. He further found that the misrepresentation was not the result of a mere misunderstanding. A *de novo* review of the record indicates Judge Williams's credibility determinations are soundly

based and, thus, should not be disregarded.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 102) and **AWARDS** Plaintiffs $3,701.26, which represents Plaintiffs' attorneys' fees and travel expenses for attending the settlement conference. Defendants shall pay that amount to Plaintiffs on or before **May 3, 2019**.

    **IT IS SO ORDERED.**

    DATED:   April 18, 2019

<u>s/ Nancy J. Rosenstengel</u>
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**