IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM REED and MICHAEL ROY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>BREX, INC., et al.,<br><br>        Defendants. | Case No. 3:17-CV-292-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Class Certification from Plaintiffs Tom Reed and Michael Roy ("Plaintiffs") (Doc. 91). For the reasons set forth below, the Court grants the motion.

### FACTUAL & PROCEDURAL BACKGROUND

The facts underlying this case are described at length in this Court's recent order (Doc. 140) on the motions for summary judgment ("Order on MSJs") brought by Plaintiffs and by Defendant Brex, Inc. ("Brex"). In addition to the facts previously enumerated, the Court notes that Plaintiff Tom Reed was employed by Brex as an automotive technician in Illinois from about August 2015 to December 2016 and seeks to serves as a class representative for the Illinois class, while Plaintiff Michael Roy was employed by Brex as an automotive technician in Missouri from about January 2015 to March 2017 and seeks to serve as a class representative for the Missouri class (Doc. 91 at 2). Brex has disclosed

that it employed 157 automotive technicians during the periods for which Plaintiffs seek recovery (Doc. 91 at 3). Of those technicians, 77 had Illinois addresses and 80 had Missouri addresses (*Id.*). Brex managers have indicated in depositions that all automotive technicians employed by Brex have the same primary task of "inspect[ing] and repair[ing] a wide variety of vehicles" but have also noted disparities in skill level amongst the technicians (Doc. 91-1 at 9–10). Brex does not pay employees overtime for work performed in excess of 40 hours per week and has not done so for the periods in which Plaintiffs seek recovery (*Id.* at 31–32). Instead, Brex claims the "retail and service establishment" exception ("Section 7(i) Exemption") to the federal, Illinois, and Missouri overtime laws under the Fair Labor Standards Act ("FLSA") and its state equivalents due to its "production scale" described in the Court's Order on MSJs (the "Scale"). 29 U.S.C. § 207(i); 820 Ill. Comp. Stat. 105/4a(2)(F); Mo. Rev. Stat. § 290.505(3). All automotive technicians employed by Brex during the periods for which Plaintiffs seek recovery were paid according to the Scale and all had their work time tracked through the same computerized time clock program (*Id.* at 12–13, 17–19).

This Court previously granted Plaintiffs' Motion for Conditional Collective Action Certification of claims under the FLSA (Doc. 39). Plaintiffs now move for certification of Illinois and Missouri class actions for claims under the Illinois Minimum Wage Law ("IMWL") and Missouri Minimum Wage Law ("MMWL") pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").

## LEGAL STANDARD

The Supreme Court has provided that district courts have discretion in appropriate cases to provide conditional certification of class actions, and individual courts have subsequently developed a two-step process in which plaintiffs need only make an initial showing that proposed plaintiffs are similarly situated. *See, e.g.*, *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (noting discretion of district courts to certify FLSA cases); *Marshall v. Amsted Industries, Inc.*, 2010 WL 2404340 at *4 (S.D. Ill. 2010) (collecting cases on two-step process for certifying FLSA actions).

Rule 23 differs from this ad-hoc, court-made process for conditional certification of FLSA actions. As the moving party under Rule 23, Plaintiffs hold the burden of showing that class certification is appropriate. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). A party seeking class certification under Rule 23 must meet all the requirements of Rule 23(a), which establishes four elements commonly referred to as numerosity, commonality, typicality, and adequacy of representation. Additionally, Plaintiffs must show that the proposed class will satisfy one of the categories of Rule 23(b) — here, Plaintiffs seek certification under 23(b)(3), which calls for a showing that common questions predominate and that the class action is superior to other forms of resolving the dispute, factors referred to as predominance and superiority.

Class actions should be approved only after the trial court has conducted a thorough analysis and satisfied itself that the prerequisites to certification have been met. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982). The court need not decide the merits of the case but must make factual and legal inquiries sufficient to assess

compliance with Rule 23, and the court cannot simply accept the plaintiff's allegations as conclusive. Rule 23, however, should be liberally interpreted, as its policy is to favor maintenance of class actions, particularly where denial of class status would effectively terminate further litigation of claims. *King v. Kansas City Southern Industries, Inc.*, 519 F.2d 20, 26 (1975).

Brex argues that certain courts have found that class actions are disfavored in the context of the Section 7(i) Exemption. In support of this proposition, Brex cites a number of cases, largely unpublished, with factual backgrounds that are readily distinguishable from the case at hand. *See Osorio v. Tile Shop, LLC*, 2016 WL 7491810, at *5–6 (N.D. Ill. 2016) (finding Section 7(i) Exemption would require individualized inquiries preventing certification where hours and commissions varied widely across employees and common question was whether compensation equaled one and one half times minimum wage for all employees); *Velasquez v. Digital Page, Inc.*, 303 F.R.D. 435, 442 (E.D.N.Y. 2014) (finding certification not appropriate where defendant conceded that policy violated law and question was whether individual defendants were entitled to overtime); *Steger v. Life Time Fitness, Inc.*, 2016 WL 245899 at *3–4 (N.D. Ill. 2016) (finding certification not appropriate where job duties and compensation structures varied widely across employees, locations, department heads); *Beauperthuy v. 24 Hour Fitness USA Inc.*, 772 F. Supp.2d 1111, 1126 (N.D. Cal. 2011) (finding certification not appropriate where commission and compensation structure varied widely across class members and question was whether plaintiffs had all been paid all overtime to which entitled and whether time was counted accurately); *Johnson v. TGF Precision Haircutters, Inc.*, 2005 WL 1994286 at *6 (S.D. Tex.

2005) (declining to certify where job duties differed across class members, members were paid salary as well as commission, and question is how much of each employee's pay was commission). Unlike in these cases, the proposed classes in this action have the same job duties and the same compensation structure, consistent across locations within the proposed classes, regardless of certain variations in skill level. The key question in this case turns on an assessment of the Scale itself—whether all compensation paid under the Scale counts as commission. The answer to this question will be the same for all prospective class members and will determine whether any of them are entitled to overtime pay. While some individualized inquiry may subsequently be necessary if some compensation is found to not constitute commission, the initial threshold question is the key issue here. For this reason, the Court rejects Brex's argument that the 7(i) Exemption requires an overly individual analysis for certification, and this argument will not be considered in analysis of the individual elements of Rule 23 certification below.

## ANALYSIS

I. **Numerosity**

   A. *Applicable Law*

A proposed class will be deemed sufficiently numerous if it is so large that joinder of all members in a single action would be impractical. Fed. R. Civ. P. 23(a)(1). "While there is no magic number that applies to every case, a forty-member class is often regarded as sufficient to meet the numerosity requirement." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859 (7th Cir. 2017).

   B. *Discussion*

Here, Plaintiffs seek certification of an Illinois class of at least 77 technicians and a Missouri class of at least 80 technicians. In the view of the Court, it would be burdensome to join this many plaintiffs in a single action or have them pursue individual actions, and these numbers are well above the 40-member threshold that the Seventh Circuit has previously discussed as a reasonable marker for numerosity. As Brex does not appear to contest the issue of numerosity in its brief, the Court finds that the proposed classes are sufficiently numerous.

## II. Commonality

### A. Applicable Law

For certification of a class, there must be "questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2) Plaintiffs need not have entirely the same claims to show commonality, yet there must be at least one common question of law or fact "capable of class-wide resolution and . . . central to the claims' validity" in order to meet the requirement. *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018). Class-wide resolution refers to the capacity of a proceeding to generate common answers that will help to drive the resolution of the litigation, while dissimilarities in the proposed class will have the potential to impede the generation of common answers. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (finding lack of commonality where class members held a "multitude of jobs, at different levels of Wal-Mart's hierarchy, for variable lengths of time, in 3,400 stores, sprinkled across 50 states . . . subject to a variety of regional policies that all differed.")

### B. Discussion

Here, members in the two proposed classes hold the exact same job, as they are all automotive technicians. Testimony by Brex executives confirms that job responsibilities do not vary significantly among technicians, and that all technicians are subject to the Scale and have their hours tracked through the same system. The members of the two proposed classes all reside in the same states, and there is no indication that there is any significant variation among Brex policies as applied to members of the same classes. The question that all of these technicians face is whether the Scale is a valid commission system that entitles Brex to the Section 7(i) Exemption. This determination will depend largely on an analysis of the Scale itself, not the hours worked by the individual technicians, as the allegations made by Plaintiffs are not focused on whether certain technicians made less than the minimum wage or had compensation that was more than 50% wages—they allege that the Scale itself is not fully a commission system and that not all compensation paid by the Scale should be counted as commission. If their allegations are proven correct, then determination of whether individual technicians are entitled to overtime wages will be greatly simplified and will merely require a calculation of whether technician compensation was more than 50% commission with the guaranteed minimum commission considered wages.

For these reasons, the Court finds that there are questions of law and fact common to the proposed classes.

## III. Typicality

*A. Applicable Law*

Class certification requires a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23. A class representative's claims will be deemed typical if they arise from the same theory or conduct as the claims of the class members and demonstrate enough congruence with the claims of the class members to justify the named party litigating on behalf of the group. *See Lacy v. Cook County, Illinois*, 897 F.3d 847, 866 (7th Cir. 2018) (holding typicality satisfied if claims arise from same events, practices, conduct, and based on same legal theory); *Spano v. The Boeing Co.*, 633 F.3d 574, 586 (holding typicality requires congruence sufficient to justify litigation for class).

*B. Discussion*

Here, the parties have generally agreed that the proposed classes involve individuals with the same job titles, duties, working conditions, and terms of employment, albeit with some differences in skill. They are paid on the same Scale, their time is tracked through the same system, and their hours are not significantly variable. They all have the same contention—that the compensation paid to Brex employees pursuant to the Scale is not wholly commission for the purposes of the 7(i) exemption, and thus they are entitled to overtime pay. These claims arise through the same conduct and are based on the same legal theory, and the lead plaintiffs' claims are sufficiently congruent to justify their litigation on behalf of the class. Accordingly, the Court finds that the lead plaintiffs' claims are typical of the claims of the proposed classes.

**IV.     Adequacy of Representation**

   *A. Applicable Law*

Class certification requires a showing that representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). Representative parties may be deemed adequate if the attorneys for the lead plaintiffs are qualified, experienced, and able to conduct the proposed litigation, and the plaintiff has no interests antagonistic to the class. *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977); *see also Riffey v. Rauner*, 873 F.3d 558, 563–64 (7th Cir. 2017) (noting class not adequately represented if claims are conflicting).

   *B. Discussion*

Here, Brex has not argued that counsel for the lead plaintiffs is not capable of conducting the proposed litigation, and the conduct of plaintiffs' counsel thus far indicates that they are sufficiently qualified to assume representation of the proposed classes. Similarly, there is no indication that the lead plaintiffs or any other members of the proposed classes have motives or interests that are antagonistic to the proposed classes or would otherwise cause friction. Accordingly, the Court finds that the representative parties will fairly and adequately protect the interests of the proposed classes.

**V.     Predominance and Superiority**

   *A. Applicable Law*

In addition to meeting the requirements of Rule 23(a), a proposed class must also meet one of the requirements of Rule 23(b). Plaintiffs have indicated that they believe that

their proposed classes satisfy Rule 23(b)(3), which requires that common questions of law or fact predominate over questions affecting individual members and that the class action be superior to other methods for fair and efficient adjudication of the action. This provision requires two separate showings, commonly termed predominance and superiority.

"The predominance requirement will be met where common questions represent a significant aspect of the case and can be resolved for all members of a class in a single adjudication." *Riffey*, 873 F.3d 558 at 565 (7th Cir. 2017) (citing *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059 (7th Cir. 2016)). Where members of a proposed class must present evidence that varies from member to member in order to make a prima facie showing on a given question, then the question is an individual one, but where the same evidence will suffice for each member, then it becomes a common question. *Id.* (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012)). This does not mean that a hint of an individual question is fatal to class certification, but common questions must truly *predominate*, and a court must view the evidence pragmatically to assess if class-wide resolution would substantially advance the case. *Id.* (quoting *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 761 (7th Cir. 2014)).

Factors relevant to establishing superiority are listed in Rule 23 and include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Courts have held that analysis of these factors requires a comparative examination; courts must assess efficiency with an eye toward other available methods of managing the claims of the proposed class members. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 664 (7th Cir. 2015).

  *B. Discussion*

As discussed, the individual plaintiffs in the proposed classes are similarly situated, and there are no divisive factors here which would seem to pit one against another in pursuing their claims. It is in the interest of all class members to pursue their claims in the manner resulting in the least individual financial burden. As Brex has discussed, "[o]vertime cases are expensive and burdensome" (Doc. 93 at 16). If the alternative to certification is individual representation for each member of the prospective class, many of these individuals will likely face difficulty retaining counsel to pursue these claims, and many may choose not to pursue them at all —it is to remedy situations like this that Rule 23 was created. Brex states that Plaintiffs' desire to litigate as a class does not "override the negative effects that certification is very likely to have on the fairness and manageability of the proceedings[,]" but it is not clear what these negative effects would be (Doc. 93 at 16). It seems that litigating one proceeding in a single district would be significantly more manageable for all parties involved than litigating 150 separate ones in multiple forums in two states. Similarly, it seems substantially more fair to have all of the similarly placed Brex employees have the same outcome in a single action rather than have numerous actions that may result in settlements of differing size depending on the negotiating abilities of the individual plaintiffs. This case has been

litigated in this forum since March 2017, almost three years ago, and substantial discovery and fact-finding has been conducted here, including several lengthy depositions. Given the extent to which the litigation has already advanced in this forum, it is logical to concentrate claims here and to give all technicians the benefit of discovery already conducted in this case. The Court does not consider a class action, or even two class actions, to be more difficult to manage than individual cases, or joining all prospective plaintiffs individually in a single suit, which appear to be the primary alternatives to certifying a class. Accordingly, finding that the factors for superiority are also present here, the Court holds that Rule 23 is satisfied and that the class certifications requested are appropriate in the action.

## Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion for Class Certification.

**IT IS SO ORDERED.**

DATED: February 6, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**