IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOM REED and MICHAEL ROY,** individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**BREX, INC.,** *et al.*,<br><br>**Defendants.** | Case No. 3:17-CV-292-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Reconsider or Certify for Interlocutory Appeal from Defendants Brex, Inc., John Keeley, and Kevin Floyd (together, "Brex") (Doc. 142), and a Motion to Reconsider from Plaintiffs Tom Reed and Michael Roy (together, "Class Representatives") (Doc. 143). For the reasons set forth below, the Court grants in part and denies in part the motions.

### FACTUAL & PROCEDURAL BACKGROUND

This action arose out of claims under the federal Fair Labor Standards Act ("FLSA") and state law brought by a class of automotive technicians against Brex. The facts underlying the case are described at length in this Court's recent order (Doc. 140) on the motions for summary judgment ("MSJ Order") brought by Technicians and Brex. Class Representatives allege unfair labor practices and failure to pay overtime, while Brex argues that the "Hourly Bonus Production Scale"(the "Scale"), which it uses to pay employees, exempts its employees from the FLSA overtime requirement under the FLSA "retail and service exception" 29 U.S.C.

§ 207(i). The FLSA generally requires employers to pay overtime for hours worked beyond forty in a week. 29 U.S.C. § 207(a). However, the retail and service exception provides that employees who are paid through a "bona fide commission rate" instead of an hourly wage will be exempt from the overtime requirement as long as (1) the employee's pay is at least one and one-half times the minimum hourly rate (the "Applicable Minimum"), and (2) more than half of the employee's compensation for a representative period of not less than one month represents commissions on goods and services (the "50% Rule). 29 U.S.C. § 207(i). In order to ensure that employee compensation did not fall below the Applicable Minimum, Brex paid employees a guaranteed minimum commission ("Guarantee") in pay periods in which the employee's earned commissions would otherwise fall below the Applicable Minimum. Brex did not require employees to pay back any excess of the Guarantee over earned commissions out of any future commissions that exceeded the Applicable Minimum (such repayment from future excess commission of the excess of a prior Guarantee over the Applicable Minimum, to be termed "Reconciliation").

In its MSJ Order, this Court found that Brex's Scale did constitute a bona fide commission rate and proceeded to consider whether it complied with the 50% Rule. Class Representatives cited two unpublished cases in arguing that a Guarantee must always be subject to Reconciliation in order to count as commission for compliance with the 50% Rule. *See Tillis v. South Floor Covering, Inc.*, 2018 U.S. Dist. LEXIS 162608 (S.D. Miss.); *Keyes v. Car-X Auto Services*, 2009 U.S. Dist. LEXIS 108981, (S.D. Ohio). Defendants, on the other hand, argued that a Guarantee would always count towards commission, regardless of whether Reconciliation occurred. In taking this position, Brex pointed to a number of unpublished decisions that were at best tangentially related to the contention they sought to make and

which provided little support for their argument. *See, e.g.*, *Erichs v. Venator*, 128 F. Supp. 2d 1255, 1259–60 (N.D. Cal. 2001) (holding that Guarantee may be counted towards commission, but not addressing whether Reconciliation is required and prescribing a "smell test" to assess the effects and purpose of the payment scheme); *Crawford v. Saks & Co.*, 2016 U.S. Dist. LEXIS 71805 at *15 (S.D. Tex.) (holding that Guarantee counted towards commission where Guarantee had Reconciliation).

This Court declined to follow the line of cases advanced by the Class Representatives, noting that those cases misinterpreted relevant statutes and regulations and relied on earlier decisions that did not support their holdings. Similarly, the Court was unpersuaded by the cases advanced by Brex, which largely did not address the relevant question of whether a Guarantee without Reconciliation can count as commission for the 50% Rule. Instead, the Court referred to the Department of Labor ("DOL") regulations on point, which state that Reconciliation "may or may not be customary under the employment arrangement." 29 C.F.R. § 779.416(a). Based on this language, the Court concluded that there was no categorical rule as to whether Guarantees without Reconciliation would always or never count as commission for the 50% Rule. Rather, the Court concluded that it must address such Guarantees on a case by case basis, looking to whether they "actually function[] as an integral part of a true commission basis of payment[.]" The Court ultimately concluded that neither side had presented sufficient facts to determine whether the Guarantee provided by Brex counted as commission, denying summary judgment to both parties on the issue of whether or not the Scale complies with the 50% Rule.

Alas, the parties were unsatisfied with this middle path, and both sides moved to reconsider the portion of the Court's MSJ Order addressing compliance with the 50% Rule.

While still unconvinced by the parties' arguments for a categorical rule as to whether a guarantee without commission would always or never count towards commission for the 50% Rule, further consideration of the facts underlying this dispute led the Court to ask for additional briefing on the issue of whether or not there was any Representative Period in which more than 50% of the compensation of the Class Representatives had come from the Guarantee, rather than from commissions. Having considered the additional briefing provided by the parties, the Court will assess whether to reconsider its MSJ Order based on this information.

## LEGAL STANDARD

Motions for reconsideration are only appropriate where a court has misunderstood a party, made a decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

## ANALYSIS

### I. Compliance with the 50% Rule

*A. Applicable Law*

In discussing calculation of commissions for purposes of applying the 50% Rule, 27 U.S.C. § 207(i) states that "in determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services *without regard to whether the computed commissions exceed the draw or guarantee*" (emphasis added). Thus, even if a Guarantee were determined not to count towards commission, the part of an employee's compensation that

constituted wages rather than commission would only be the part by which the Guarantee exceeded earned commissions in the weeks in which the employee received the Guarantee.

Furthermore, as discussed, a Guarantee that is part of a bona fide commission scheme may count towards commission. Reconciliation is not necessarily required for a Guarantee to count towards commission, but rather "may or may not be customary under the employment arrangement." 29 C.F.R. § 779.416(a). Relevant regulations and administrative materials do not provide clear guidance on how to do determine whether a Guarantee without Reconciliation will count towards commission, merely noting that it must "actually function[] as an integral part of a true commission basis of payment[.]" *Id.* In determining whether features of a compensation system constituted a bona fide commission scheme, Judge Posner in *Yi v. Sterling Collision Ctrs., Inc.*, 480 F.3d 505, 508–10 (7th Cir. 2007), looked to whether the compensation of individual employees was still essentially based on individual sales and "decoupled" from hours worked, noting as well that certain employment arrangements that were customary throughout an industry were perhaps more likely to be found acceptable. It thus follows that in examining a Guarantee that lacks Reconciliation, the Court must consider whether such a Guarantee results in worker compensation that is overly "coupled" with hours rather than sales. In making such a determination, it is the view of this Court that relevant factors include the frequency with which a worker receives a Guarantee rather than earned commission and the extent to which a Guarantee exceeds earned commission in the weeks in which it is paid. For a Guarantee without Reconciliation to count towards commission, it should not constitute a substantial part of a worker's compensation in many weeks. Rather, it should act more like a limited supplement, paid out infrequently and constituting a relatively small addition to the employee's earned compensation, merely so as

to ensure payment of the Applicable Minimum. Where available, information as to common practice in the relevant industry may also be informative as to whether a Guarantee without Reconciliation should count towards commission.

   B. *Discussion*

Here, based on the additional calculations provided by the parties, the Court is able to observe that the Guarantee is paid out relatively infrequently, and in the weeks in which a Guarantee is paid, it exceeds earned commissions by a relatively small margin. The combined amounts by which Guarantee payments exceeded earned commissions in the course of any given representative period were small and represented a minor portion of total compensation, far below 50%. While the Court does not have information on prevailing conditions in the industry, it is nonetheless inclined to conclude that the Guarantee paid by Brex does function was part of a bona fide commission scheme and thus should be counted as commission. Even if the Guarantee were not to be counted as Commission, Brex's Scale would still comply with the 50% Rule, for only part of the Guarantee that would not count as commission would be the amount by which the Guarantee exceeded earned commissions in the weeks in which the Guarantee was paid. Accordingly, the Court amends its MSJ Order and grants summary judgment to Brex on the issue of compliance with the 50% Rule. The Court will now proceed to the state law claims brought by the Class Representatives, and the actions against Brex managers as individuals, which it did not reach in its MSJ Order

**II.     State Law Claims**

   A. *Applicable Law*

In addition to their claims under the FLSA, the Class Representatives have brought claims under the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1 *et seq.*,

and Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.505 *et seq.* These state laws both contain exceptions equivalent to the federal retail and service exception. 820 Ill. Comp. Stat. 105/4a(2)(F); Mo. Rev. Stat. § 290.505(3). Relevant state courts have indicated that because these statutes are modeled after the FLSA, the same analysis applies. *E.g.*, *Villareal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 784 (N.D. Ill. 2011) (citing *Condo v. Sysco Corp.*, 1 F.3d 599, 601 n.3 (7th Cir. 1993)) (noting analysis under IMWL parallels FLSA analysis); *Karnes v. Happy Trails RV Park, LLC*, 361 F.Supp.3d 921, 927 (W.D. Mo. 2019) (noting that MMWL is generally interpreted in accordance with FLSA and conducting single analysis for both laws).

B.  *Discussion*

As the Court has determined that Brex is entitled to summary judgment on its FLSA claims, the same analysis would indicate that it is entitled to summary judgment on its state law claims. Class representatives appear to concur that the analysis for these statutes is the same as for FLSA. Doc. 120 at 20 ("The Illinois and Missouri statutory wage and hour laws are consistent with federal law regarding the "retail and service establishment exemption."). Accordingly, the Court grants summary judgment to Brex on the state statutory claims.

Having granted summary judgment to Brex on the FLSA and state statutory claims, the only claims remaining are the claims against Brex managers as individuals. Where there is no liability against the entity, there cannot be liability for the individual managers, and the Court grants summary judgment on those claims as well.

## Conclusion

For the reasons set forth above, the Court **GRANTS** Brex's Motion to Reconsider and amends its MSJ Order to **GRANT** summary judgment to Brex on all remaining counts. Brex's motion to certify for interlocutory appeal is **DENIED** as moot, and the Class Representatives'

Motion to Reconsider is **DENIED**. This action is **DISMISSED with prejudice.** The Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED:** April 24, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**